1    ALEXANDER G. CALFO, SBN 152891
     acalfo@kslaw.com
2    SUSAN V. VARGAS, SBN 177972
     svargas@kslaw.com
3    BRITTANY L. LITZINGER, SBN 330771
     blitzinger@kslaw.com
4    **KING & SPALDING LLP**
     633 West Fifth Street
5    Suite 1600
     Los Angeles, CA 90071
6    Telephone:  +1 213 443 4355
     Facsimile:   +1 213 443 4310
7

8    Attorneys for Defendants
     MERCK & CO., INC.; MERCK SHARP
     & DOHME CORP.[1]; ORGANON & CO.;
9    and ORGANON LLC

10

**UNITED STATES DISTRICT COURT**

11

**CENTRAL DISTRICT OF CALIFORNIA**

12

13   SHAQUISHA DOCKERY, an individual,    Case No. 8:23-cv-00564-DMG-MAA

14             Plaintiff,    ~~[PROPOSED]~~ **AMENDED STIPULATED PROTECTIVE ORDER**

15         vs.

16   MERCK & CO., INC., a New Jersey
    Corporation; MERCK SHARP &
17   DOHME CORP., a New Jersey
    Corporation; ORGANON & CO., a
18   Delaware Corporation; ORGANON LLC,
    a Delaware Limited Liability Company;
19   and DOES 1-10, Inclusive,

20            Defendants.

21

22

23

24

25

26

27

28

---

[1] Merck Sharp & Dohme Corp. is now known as Merck Sharp & Dohme LLC.

## 1.   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order. The parties acknowledge that this Amended Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3 below, that this Amended Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.   **GOOD CAUSE STATEMENT**

This action is likely to involve confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their

handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.     **DEFINITIONS**

3.1. <u>Action</u>: This pending federal lawsuit, *Shaquisha Dockery v. Merck & Co., Inc., et al.,* Case No. 8:23-cv-00564-DMG-MAA.

3.2 <u>Challenging Party</u>: A Party or Nonparty that challenges the designation of information or items under this Amended Stipulated Protective Order.

3.3. <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4. <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5. <u>Designating Party</u>: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8. "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" Information <u>or Items:</u> Sensitive "CONFIDENTIAL Information or Items" (regardless of how it is generated, stored or maintained) or tangible things that contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, or financial information, or other highly sensitive data, the disclosure of which to another Party or Nonparty could cause a competitive disadvantage to a Producing Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means, including, for example, strategic planning information and pricing and cost data and analyses.

3.9  <u>In-House Counsel</u>: Attorneys who are employees of a party to this Action, including any attorney for Organon. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10. <u>Nonparty</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with or contracted by a law firm which has appeared on behalf of that party, and includes support staff.

3.12. <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.13. <u>Producing Party</u>: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.14. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or

medium) and their employees and subcontractors.

3.15.   <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16.   <u>Privacy Information</u>: Any documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), a financial account number (other than only the last four digits thereof), "Personal Data," "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal or state laws, regardless of whether such information has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively "Privacy Information").

3.17. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4.   **SCOPE**

The protections conferred by this Amended Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.   However, the protections conferred by this Amended Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Amended Stipulated Protective Order; and (b) any information obtained by the Receiving Party from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Amended Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Amended Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.** **DESIGNATING PROTECTED MATERIAL**

6.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Nonparty that designates information or items for protection under this Amended Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Amended Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2. <u>Manner and Timing of Designations.</u>

Except as otherwise provided in this Amended Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Amended Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Amended Stipulated Protective Order requires the following:

(a) For information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material or, in the case of native file production, in conformity with the Stipulated Order Regarding Discovery of Documents and Electronically Stored Information. If only a portion or portions of the material on a page qualifies for protection and to the extent practical to do so, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins).

A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Amended Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each document or page of a document that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection and to the

extent practical to do so, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) For testimony given in depositions or in other pretrial proceedings, that all deposition testimony or testimony during other pretrial proceedings shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript during which a Designating Party may identify the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted. At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Amended Stipulated Protective Order. Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or

portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      6.3. <u>Inadvertent Failure to Designate</u>.

      If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Amended Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Amended Stipulated Protective Order.

## 7.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      7.1. <u>Timing of Challenges</u>.

      Any Party or Nonparty may challenge a designation of confidentiality within a reasonable period of time after such designation is made by the Designating Party.

      7.2. <u>Meet and Confer</u>.

      In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Amended Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and on an informal basis in accordance with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[2] The Parties must begin the process by conferring directly (in person or by telephone) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the

---

[2] Judge Audero's Procedures are available at
https://www.cacd.uscourts.gov/honorable-maria-audero

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

7.3. <u>Judicial Intervention with Respect to Confidentiality Designations.</u>

If the challenge cannot be resolved through the meet and confer process, the Challenging Party disputing the designation may apply to the Court for a ruling that a document (or category of documents) designated as Protected Material by the Designating Party is not entitled to the specified level of protection. The Challenging Party's motion must be filed within 21 days of the Designating Party's response, and the Parties must comply with Judge Audero's Procedures.

7.4. <u>Burden of Persuasion.</u>

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**8.**   **ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1. <u>Basic Principles</u>.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Amended Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 15 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Amended Stipulated Protective Order. The recipient of any Protected Material that is provided under this Amended Stipulated Protective Order shall maintain such information in a reasonably secure and safe manner that ensures access is limited to the persons authorized herein, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as the recipient would use with respect to its own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 15 below.

8.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall be maintained by the Receiving Party and disclosed to the Court only in the event of a notice of breach of this Amended Stipulated Protective Order to maintain the confidentiality of undisclosed consultants;

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses in the Action who are or were employed by a Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) plaintiff in the Action, to the extent the plaintiff elects to be present for any deposition, to the extent the protected document is used at the deposition, and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

8.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of this Action;

(b) In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), that has been designated to receive such information or item ("Designated In-House Counsel") and as to whom the Designating Party does not object to disclosure, in accordance with Section 8.4 below;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall be maintained by the Receiving Party and disclosed to the Court only in the event of a notice of breach of this Amended Stipulated Protective Order to maintain the confidentiality of undisclosed consultants;

(d) The Court and its personnel;

[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) The author or recipient of a document containing the information.

8.4. <u>Procedures for Requesting Disclosure of Information or Items Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

(a) A Party that makes a request and provides the information specified in the preceding paragraphs may disclose the subject Protected Material to the identified Designated In-House Counsel or a Designated Plaintiff Representative after seven (7) business days of making the request and providing the required information (collectively, the "Request Date") unless, within five (f) business days of the Request Date, the Party receives a written objection from the Designating Party setting forth the grounds on which the objection is based.

(b) A Party that receives a timely written objection must meet and confer with the Designating Party on an informal basis in accordance with Civil Local Rule 37.1 to try to resolve the matter by agreement within seven (7) days of the written objection. If the dispute is not resolved during the meet and confer, the parties must comply with Judge Audero's Procedures, in seeking potential relief from the Court.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is subject to this Amended Stipulated Protective Order. Such notification shall include a copy of this Amended Stipulated Protective Order;

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) Counsel shall take all other reasonable steps to ensure that persons receiving Protected Material do not use or disclose such information for any purpose other than for the purpose stated in the subpoena or court order in that specific litigation.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1. <u>Application</u>.

The terms of this Amended Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Amended Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2. <u>Service of Order with Non-Party Discovery Request.</u> The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with

any such subpoena or discovery request a copy of this Amended Stipulated Protective Order.

10.3. <u>Notification</u>.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b) Promptly provide the Nonparty with a copy of the Amended Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Nonparty, if requested.

10.4. <u>Conditions of Production</u>.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Party that received the discovery request may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Amended Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Amended Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

**12.** **NOTIFICATION IN THE EVENT OF A SECURITY BREACH OR UNAUTHORIZED ACCESS TO PRODUCED MATERIAL**

If the Receiving Party discovers any loss of Protective Material or a breach of security, including any actual or suspected unauthorized access, relating to the produced Protected Material, the Receiving Party shall:

(a) Promptly provide written notice to Producing Party of such breach within twenty-four (24) hours of the breach discovery.

(b) Investigate and make reasonable efforts to remediate the effects of the breach, and provide Producing Party with assurances that such breach shall not recur.

(c) Provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

(d) The Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

**13.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Nothing in this Amended Stipulated Protective Order shall be construed to prohibit a Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged, or work-product information. Nothing in this Amended Stipulated Protective Order shall diminish the legal rights of any person seeking such relief. When a Producing Party gives notice to Receiving Parties that

certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor the work product protection is waived by inadvertent production in this Action or any other action.  This Amended Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(e).

**14.    MISCELLANEOUS**

14.1. Right to Further Relief and Modification by the Court.

Nothing in this Amended Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2. Right to Assert Other Objections.

By stipulating to the entry of this Amended Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Amended Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Amended Stipulated Protective Order.

14.3. Filing Protected Material.

Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Protected Material are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the Parties must comply with the procedures explained in Civil Local Rule 79-5.

The Parties agree to the following procedure before filing a motion to seal Protected Material:

(a) A Party wishing to use any Protected Material designated by another Party as Confidential or Highly Confidential will provide a list of all such documents to the designating party seven (7) days prior to the filing due date and request that the Protected Material and any reference thereto not be filed under seal.

(b) If a Party identifies one or more designated document that it intends to file less than seven (7) days prior to the filing due date, the Party shall notify the Designating Party immediately upon that determination and request that the Protected Material and any reference thereto not be filed under seal. If the Party does not, at least forty-eight (48) hours prior to the filing due date, identify the designated document and request that the Protected Material and any reference thereto not be filed under seal, then the Party must file a motion to seal the designated document and any reference to the Protected Material pursuant to the Court's procedures.

(c) If the Designating Party agrees in writing that the designated material need not be filed under seal, the Protected Material may be filed in the public docket. If the Designating Party does not agree in writing that the Protected Material may be filed in the public docket, then the Party wishing to use such Protected Material must file a motion to seal the Protected Material, including any designated documents and any reference to the Protected Material, pursuant to the Court's procedures.       14.4. Right of a Party to Use Its Own Documents. Nothing in this Amended Stipulated Protective Order shall affect a Party's use or disclosure of its own documents in any way.

14.5. Right of a Party to Use Independently Obtained Documents. Nothing in this Amended Stipulated Protective Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information obtained by such Party independent of formal discovery proceedings in this Action.

14.6. Right to Supplement or Request Deletion. If during the course of litigation,

[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

a data subject with privacy rights pursuant to the Data Protection Laws identified herein exercises his or her right to erasure of personal data contained within the previously produced Protected Material, the Producing Party shall furnish newly redacted versions of the Protected Material within a reasonable time. The Requesting Party will promptly destroy the original version of the Protected Material and replace it with the redacted version. The Producing Party may also require the entire document destroyed and replaced with a slip-sheet indicating the Protected Material is subject to erasure pursuant to the applicable Data Protection Law.

14.7. <u>Personally Identifiable Information</u>. Personally identifiable information that a party has designated as Protected Material as defined herein, based on its good faith belief that the information is subject to federal or state laws or other privacy obligations, or any of the information contained therein, shall be handled by Counsel for the Receiving Party with the highest care.

## 15. **FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. However, the Receiving Party may maintain its notes and coding of the documents produced for use in another action averring the same allegations as this Action against the same defendants in another jurisdiction until such time as all actions pending in other jurisdictions reach final disposition. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of

[~~PROPOSED~~] AMENDED STIPULATED PROTECTIVE ORDER

the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Amended Stipulated Protective Order as set forth in Section 5.

**16.   <u>VIOLATION</u>**

Any violation of this Amended Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 11, 2023

*/s/ Lynne Kizis*
Lynne Kizis, (*Pro Hac Vice*)
Kevin P. Roddy, SBN 128283
WILENTZ, GOLDMAN & SPITZER
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Tel: (732) 636-8000
lkizis@wilentz.com; roddy@wilentz.com

Kimberly Beck (*Pro Hac Vice*)
BECK LAW CENTER
201 E. 5th Street, Suite 1900
Cincinnati, OH 45202
(888) 434-2912
kim@becklawcenter.com

Shehnaz M. Bhujwala, SBN 223484
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, CA 91367-4903
(818) 340-5400
bhujwala@boucher.la

Attorneys for Plaintiff

1

2  Dated: October 11, 2023

*/s/ Susan V. Vargas*

3  Alexander G. Calfo, SBN 152891
Susan V. Vargas, SBN 177972

4  Brittany L. Litzinger, SBN 330771
KING & SPALDING LLP

5  633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

6  213.443.4355

7  acalfo@kslaw.com
svargas@kslaw.com

8  blitzinger@kslaw.com

9  Attorneys for Defendants

10

11  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

12

13  Dated:  October 11, 2023

14  _____
Maria A. Audero

15  United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Shaquisha Dockery v. Merck & Co., Inc., et al.,* Case No. 8:23-cv-00564-DMG-MAA. I agree to comply with and to be bound by all the terms of this Amended Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Amended Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Amended Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Amended Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____